MBA1FONP

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                           22 Cr. 192 (JSR)

5    MOISES FONTANEZ,

6                   Defendant.              Plea
     ------------------------------x

7
                                           New York, N.Y.
8                                          November 10, 2022
                                           3:09 p.m.
9

10   Before:

11                    HON. JED S. RAKOFF,

12                                         District Judge

13
                          APPEARANCES
14
     DAMIAN WILLIAMS
15        United States Attorney for the
          Southern District of New York
16   BY:  DOMINIC A. GENTILE, ESQ.
          Assistant United States Attorney
17
     LAW OFFICE OF EVAN L. LIPTON
18        Attorneys for Defendant
     BY:  EVAN L. LIPTON, ESQ.
19

20   ALSO PRESENT:   JOSE LIZARDO, Detective, NYPD
                     ERIKA DE LOS RIOS, Interpreter (Spanish)
21                   DAGOBERTO ORRANTIA, Interpreter (Spanish)

22

23

24

25

MBA1FONP

```
 1              (Case called)
 2              THE DEPUTY CLERK:  Will everyone please be seated, and
 3      will the parties please identify themselves for the record.
 4              MR. GENTILE:  Good afternoon, your Honor.  Dominic
 5      Gentile for the United States.  Seated at counsel table with me
 6      is Detective José Lizardo of the NYPD.
 7              MR. LIPTON:  Good afternoon, your Honor.  Evan Lipton
 8      on behalf of Moises Fontanez, who is seated beside me in court.
 9      I'd also like to note for the record that Mr. Fontanez's mother
10      is here in the second row of the courtroom.
11              THE COURT:  Very good.
12              So my understanding is that the defendant wishes to
13      withdraw his previously entered plea of not guilty and enter a
14      plea to the lesser included offense within Count Fourteen and
15      to the offense within Count Fifteen; is that right?
16              MR. LIPTON:  That is correct.
17              THE COURT:  Place the defendant under oath.
18              THE DEPUTY CLERK:  Please rise and raise your right
19      hand.
20              (Defendant sworn)
21              THE DEPUTY CLERK:  Please be seated.
22              MR. LIPTON:  Your Honor, if I may clarify one thing.
23      It's a lesser included in Count Fifteen as well.
24              THE COURT:  Oh, I'm sorry.  Thank you very much.  Yes,
25      that's right.
```

MBA1FONP

1            So Mr. Fontanez, let me first advise you that because
2       you're under oath, anything you say that is knowingly false
3       could subject you to punishment for perjury or obstruction of
4       justice or the making of false statements.  Do you understand
5       that?
6            THE DEFENDANT:  Yes.
7            THE COURT:  So where are you from originally?
8            THE DEFENDANT:  Dominican Republic.
9            THE COURT:  Are you an American citizen?
10           THE DEFENDANT:  No.
11           THE COURT:  How old are you?
12           THE DEFENDANT:  22.
13           THE COURT:  How far did you go in school?
14           THE DEFENDANT:  11th grade.
15           THE COURT:  Now have you ever been treated by a
16      psychiatrist or psychologist?
17           THE DEFENDANT:  Yes.
18           THE COURT:  And without going into detail, what was
19      the general nature of that?
20           THE DEFENDANT:  I don't remember.
21           THE COURT:  When was this?
22           THE DEFENDANT:  2017, 2018.
23           THE COURT:  And was this pursuant to a court order or
24      voluntary or what?
25           THE DEFENDANT:  My probation sent me to a hospital.

MBA1FONP

1          THE COURT:  Ah, I see.  Have you ever been treated or
2     have you ever been hospitalized for any mental illness?
3          THE DEFENDANT:  No.
4          THE COURT:  Have you been treated or hospitalized for
5     alcoholism?
6          THE DEFENDANT:  No.
7          THE COURT:  Have you ever been treated or hospitalized
8     for drug addiction?
9          THE DEFENDANT:  No.
10          THE COURT:  Are you currently under the care of a
11     doctor for any reason?
12          THE DEFENDANT:  Please repeat the question.
13          THE COURT:  Yes.  Are you currently under the care of
14     a physician for any reason whatsoever?
15          THE DEFENDANT:  I'm recommended medication for being
16     bipolar.
17          THE COURT:  Okay.  And are you taking that medication?
18          THE DEFENDANT:  Yes.
19          THE COURT:  And is there any other medication you're
20     taking?
21          THE DEFENDANT:  No.
22          THE COURT:  And the medication you're taking, does
23     that in any way affect your ability to understand these
24     proceedings?
25          THE DEFENDANT:  No.

MBA1FONP

1              THE COURT:  Is your mind clear today?

2              THE DEFENDANT:  Yes.

3              THE COURT:  And do you understand these proceedings?

4              THE DEFENDANT:  Yes.

5              THE COURT:  On the basis of the defendant's responses

6    to my questions and my observations of his demeanor, I find he

7    is fully competent to enter an informed plea at this time.

8              Now, Mr. Fontanez, you have a right to be represented

9    by counsel at every stage of these proceedings.  Do you

10   understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  And if at any time you can't afford

13   counsel, the Court will appoint one to represent you free of

14   charge throughout the proceedings.  Do you understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Mr. Lipton, are you appointed or retained?

17             MR. LIPTON:  I'm appointed.

18             THE COURT:  Mr. Fontanez, are you satisfied with

19   Mr. Lipton's representation of you?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Have you had a full opportunity to discuss

22   this matter with him?

23             THE DEFENDANT:  Yes.

24             THE COURT:  And have you told him everything you know

25   about this matter?

MBA1FONP

1          THE DEFENDANT:  Yes.

2          THE COURT:  Now you previously entered a plea of not

3   guilty to the charges, and you can still go to trial, but I

4   understand you wish to plead guilty to the lesser included

5   offenses within Counts Fourteen and Fifteen; is that right?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Before I can accept any plea of guilty, I

8   need to make certain, among other things, that you understand

9   the rights that you will be giving up.  So I want to go over

10  with you now the rights that you will be giving up.  Do you

11  understand that?

12         THE DEFENDANT:  Yes.

13         THE COURT:  And first, you have a right to a speedy

14  and a public trial by a jury on the charges against you.  Do

15  you understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  And second, if there were a trial, you

18  would be presumed innocent, and the government would be

19  required to prove your guilt beyond a reasonable doubt before

20  you could be convicted of any charge.  Do you understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Third, at the trial, you'd have the right

23  to be represented by counsel, and once again, if you still

24  cannot afford counsel, I would continue the representation of

25  you by Mr. Lipton free of charge throughout the trial and all

MBA1FONP

1    other proceedings.  Do you understand that?

2                 THE DEFENDANT:  Yes.

3                 THE COURT:  Fourth, at the trial, you would have the

4    right to see and hear all of the witnesses against you, and

5    your attorney could cross-examine the government's witnesses

6    and object to the government's evidence, and could offer

7    evidence on your own behalf if you so desired, and could have

8    subpoenas issued to compel the attendance of witnesses and

9    other evidence on your behalf.  Do you understand all that?

10                THE DEFENDANT:  Yes.

11                THE COURT:  And fifth, at the trial, you would have

12   the right to testify if you wanted to, but no one could force

13   you to testify if you did not want to.  And no suggestion of

14   guilt could be drawn against you simply because you chose not

15   to testify.  Do you understand that?

16                THE DEFENDANT:  Yes.

17                THE COURT:  And finally, if you were convicted of one

18   or more charges, you would have the right to appeal your

19   conviction.  Do you understand that?

20                THE DEFENDANT:  Yes.

21                THE COURT:  Now, Mr. Fontanez, do you understand that

22   if you plead guilty, you will be giving up each and every one

23   of those rights we've just discussed?  Do you understand that?

24                THE DEFENDANT:  Yes.

25                THE COURT:  Very good.

MBA1FONP

1          Now does defense counsel want Counts Fourteen and

2     Fifteen read again here in open court or do you waive the

3     public reading?

4          MR. LIPTON:  So waived.

5          THE COURT:  And Mr. Fontanez, you've gone over those

6     charges with your attorney, yes?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And you understand the charges against you

9     that you will be pleading guilty to?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Now under the lesser included offense

12    within Count Fourteen--namely, participating in a conspiracy to

13    distribute and possess with intent to distribute mixtures and

14    substances containing a detectable amount, any amount, of

15    heroin, under that lesser included offense, you face a maximum

16    term of 20 years' imprisonment, to be followed by up to

17    lifetime supervised release to follow any imprisonment, with a

18    mandatory minimum of three years' supervised release, plus a

19    maximum fine of whichever is greatest, either $1 million or

20    twice the amount of money derived from the conspiracy or twice

21    the loss to victims of the conspiracy, plus a $100 mandatory

22    special assessment.  Do you understand those are the maximum

23    and mandatory minimum punishments you face if you plead guilty

24    to the lesser included offense within Count Fourteen?

25         THE DEFENDANT:  Yes.

MBA1FONP

1          THE COURT:  With respect to Count Fifteen, under the

2     terms of your agreement, the government will accept a guilty

3     plea to the lesser included offense of knowingly using and

4     carrying firearms during and in relation to, and possessing

5     firearms in furtherance of, the drug conspiracy alleged in

6     Count Fourteen, which firearms were brandished, and/or that you

7     aided and abetted others to do that.  And this lesser included

8     offense carries a maximum term of lifetime imprisonment, plus a

9     mandatory minimum of seven years' imprisonment, which must run

10     consecutive to any other term of imprisonment I impose, plus up

11     to five years' supervised release to follow any imprisonment,

12     plus a fine of whichever is greatest, either $250,000 or twice

13     the gross gain or twice the gross loss, plus a mandatory $100

14     special assessment.  Do you understand those are the maximum

15     and mandatory minimum punishments under the lesser included

16     offense of Count Fifteen?

17          THE DEFENDANT:  Yes.

18          THE COURT:  And do you understand that if you plead

19     guilty, those two sentences could be added together so that you

20     would face up to lifetime imprisonment on the second count to

21     follow whatever imprisonment was on the first count?  Do you

22     understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Now of course at this time I have no idea

25     what sentence I will impose, other than the mandatory minimums,

MBA1FONP

 1    but one of the things I will look at are the federal

 2    guidelines, which are certain laws that are not binding on the

 3    Court but that recommend a proposed sentence.  Have you gone

 4    over the guidelines with your lawyer?

 5              THE DEFENDANT:  Yes.

 6              THE COURT:  And in that connection, I've been

 7    furnished with a letter agreement, which we will now mark as

 8    Court Exhibit 1 to today's proceeding, and which takes the form

 9    of a letter dated October 14, 2022, from the government to

10    defense counsel.  It appears, Mr. Fontanez, that you signed it

11    earlier today; is that right?

12              THE DEFENDANT:  Yes.

13              THE COURT:  And before signing it, was it read to you

14    in Spanish?

15              THE DEFENDANT:  No.

16              THE COURT:  Okay.

17              MR. LIPTON:  It was summarized for him.

18              THE COURT:  Well, no, no.

19              MR. LIPTON:  Let me clarify.  I communicate with

20    Mr. Fontanez in both English and Spanish.  I've had meetings

21    with him, many meetings, where I speak with him in English.  I

22    have --

23              THE COURT:  Can he read English?

24              MR. LIPTON:  Can he read English?  He can read

25    English.

MBA1FONP

1          THE COURT:  Did he read this agreement?

2          MR. LIPTON:  He's had the opportunity to read it.

3          THE COURT:  No, that's not my question.

4          MR. LIPTON:  I cannot tell you whether he's read every

5    word of it.  What I can tell you is that in both English and

6    Spanish, I've gone through each paragraph of it with him and

7    explained it to him.

8          THE COURT:  I'm sorry.  That's very good and

9    commendable, but that doesn't satisfy the law.  So we will take

10   a five-minute break while -- which is he more familiar with,

11   English or Spanish?

12         MR. LIPTON:  Spanish.

13         THE COURT:  Then the interpreter will read him word

14   for word the letter agreement, and then I'll come back on the

15   bench.

16         MR. LIPTON:  That may take a bit longer than five

17   minutes.

18         THE COURT:  Well, my time is yours.

19         MR. LIPTON:  Okay.  I'd ask for ten to fifteen

20   minutes.

21         THE DEPUTY CLERK:  All rise.

22         (Recess)

23         (In open court)

24         THE COURT:  So Mr. Fontanez, have you now had the

25   letter agreement read to you in Spanish?

MBA1FONP

1                THE DEFENDANT:  Yes.

2                THE COURT:  And do you understand its terms?

3                THE DEFENDANT:  Yes.

4                THE COURT:  And do you agree to its terms?

5                THE DEFENDANT:  Yes.

6                THE COURT:  And do you reaffirm the signature that you

7      put on that letter that we've previously marked as Court

8      Exhibit 1, the letter that you signed earlier today?

9                THE DEFENDANT:  Yes.

10               THE COURT:  All right.  Now this letter agreement is

11     binding between you and the government, but it is not binding

12     on me.  For example, with respect to the sentencing guidelines,

13     this letter says that you and the government have agreed that

14     the guideline range for Count Fourteen is 70 to 87 months'

15     imprisonment, with a mandatory minimum, under Count Fifteen, of

16     84 months' imprisonment, so that the total guideline range is

17     154 to 171 months' imprisonment.  Do you understand that that

18     is the guideline range that you and the government have agreed

19     to?

20               THE DEFENDANT:  Yes.

21               THE COURT:  Now because none of this is binding on me,

22     I may agree with that calculation, I may disagree with that

23     calculation.  Even if I agree with that calculation, I may

24     sentence you to more or less or anywhere in between, and

25     regardless of where I come out, if you plead guilty, you will

MBA1FONP

1   still be bound by my sentence.  Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  More generally, do you understand that if

4   anyone has made any kind of promise or prediction or estimate

5   or representation to you of what your sentence will be in this

6   case, that person could be wrong, and nevertheless, if you

7   plead guilty, you will still be bound by my sentence?  Do you

8   understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Does the government represent that this

11  letter agreement that we've now marked as Court Exhibit 1 is

12  the entirety of any and all agreements between the government

13  and Mr. Fontanez?

14             MR. GENTILE:  It does, your Honor.

15             THE COURT:  Does defense counsel confirm that is

16  correct?

17             MR. LIPTON:  Yes.

18             THE COURT:  And Mr. Fontanez, do you confirm that is

19  correct?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Mr. Fontanez, other than the government,

22  has anyone else made any kind of promise to you or offered you

23  any inducement to get you to plead guilty?

24             THE DEFENDANT:  No.

25             THE COURT:  Has anyone threatened or coerced you in

MBA1FONP

1   any way to get you to plead guilty?

2                THE DEFENDANT:  No.

3                THE COURT:  Does the government represent that if this

4   case were to go to trial, it could, through competent evidence,

5   prove every essential element of each of these charges beyond a

6   reasonable doubt?

7                MR. GENTILE:  It does, your Honor.

8                THE COURT:  Does defense counsel know of any valid

9   defense that would likely prevail at trial or any other reason

10  why his client should not plead guilty?

11               MR. LIPTON:  After a thorough review of the indictment

12  and the discovery, I know of no such reason.

13               THE COURT:  Very good.

14               So Mr. Fontanez, tell me in your own words what it is

15  that you did that makes you guilty of these two charges.

16               MR. LIPTON:  Your Honor, Mr. Fontanez and myself have

17  collaborated on a written statement that was then translated

18  into Spanish, and he is going to read that.

19               THE COURT:  All right.  That's fine.

20               THE DEFENDANT:  Count Fourteen.  From May 17 to March

21  2022, I agreed with others to sell heroin in the Bronx, New

22  York.  I knew this was illegal when I did it.

23               Count Fifteen.  While engaged in the conspiracy in

24  Count Fourteen, I drove a scooter, knowing that my passenger

25  was carrying and would brandish a gun.

MBA1FONP

1          THE COURT:  And the passenger was part of the

2     conspiracy, yes?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And you knew when you did these things

5     that what you were doing was illegal and wrong, yes?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Very good.

8          Is there anything else regarding the factual portion

9     of the allocution that the government wishes the Court to

10    inquire about?

11         MR. GENTILE:  Your Honor, I may have missed it at the

12    beginning, but I just want to make sure that defendant

13    allocuted to the fact that he agreed with others to sell the

14    heroin.

15         THE COURT:  He did say that, but it's worth repeating.

16         So you previously indicated, in all the things you

17    have just described, it was part of an agreement between you

18    and others to distribute heroin, yes?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Okay.  Anything else?

21         MR. GENTILE:  Nothing else.  Thank you, Judge.

22         THE COURT:  Anything from defense counsel?

23         MR. LIPTON:  No, Judge.

24         THE COURT:  And then Mr. Fontanez, in light of

25    everything we've now discussed, how do you now plead, first, to

MBA1FONP

the lesser included offense under Count Fourteen, guilty or not
guilty?

THE DEFENDANT:  Guilty.

THE COURT:  And then to the lesser included offense
under Count Fifteen, guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  Because the defendant has acknowledged his
guilt as charged, because he has shown that he understands his
rights, and because his plea is entered knowingly and
voluntarily, and is supported by an independent basis in fact
containing each of the essential elements of the two offenses,
I accept his plea and adjudge him guilty of the lesser included
offenses within Counts Fourteen and Fifteen of Indictment
22 Cr. 192.

Now, Mr. Fontanez, the next stage in this process is
that the probation office will prepare what's called a
presentence report to assist me in determining sentence.  And
as part of that, you'll be interviewed by the probation
officer.  You can have your counsel present to advise you of
your rights, but under my practices, you personally need to
answer the questions put to you by the probation officer.  Do
you understand that?

THE DEFENDANT:  Yes.

THE COURT:  After that report is in draft form but
before it's in final form, you and your counsel and also

MBA1FONP

1    government counsel will have a chance to review it and to offer

2    suggestions, corrections, and additions directly to the

3    probation officer, who will then prepare the report in final to

4    come to me.

5              Separate from that, counsel for both sides are hereby

6    given leave to submit directly to the Court in writing any and

7    all materials bearing on any aspect of sentence, provided those

8    materials are submitted no later than one week before sentence.

9    And we will put the sentence down for?

10             THE DEPUTY CLERK:  Tuesday, February 14th, at 4.

11             THE COURT:  Tuesday, February 14th, at 4.

12             MR. LIPTON:  Your Honor, I'm going to be on trial with

13   Judge Ross in the Eastern District beginning February 6th for

14   approximately three weeks.

15             THE COURT:  Yes, we can put it on afterwards.  Also, I

16   think Valentine's Day is probably not the ideal date for a

17   sentence in any event.  So let's look.

18             MR. LIPTON:  Could we do a month later?

19             THE COURT:  That would be the latest, so don't come

20   back and ask for more time after that.

21             THE DEPUTY CLERK:  So Tuesday, March 14th, at 4?

22             THE COURT:  March 14th at 4 p.m.

23             MR. LIPTON:  Thank you, Judge.

24             THE COURT:  All right.  Anything else we need to take

25   up here?

MBA1FONP

```
 1              MR. GENTILE:  Your Honor, just two things.  If the
 2    Court could allocute the defendant on the provision of the plea
 3    agreement in which he agreed not to bring a direct appeal or
 4    collateral attack.
 5              THE COURT:  Yes.  Thank you very much.  I should have
 6    done that.  Thank you.
 7              So I mentioned before, Mr. Fontanez, that this letter
 8    agreement is not binding on me but is binding between you and
 9    the government.  Do you understand that?
10              THE DEFENDANT:  Yes.
11              THE COURT:  And part of your agreement with the
12    government is that if I sentence you to within the guidelines
13    or below the guidelines, you will not appeal or otherwise
14    attack your sentence.  Do you understand?
15              THE DEFENDANT:  Yes.
16              MR. GENTILE:  And one other thing, Judge.  To the
17    extent that the government would want to provide the Court with
18    video attached to its sentencing submission, how would the
19    Court want to accept that?
20              THE COURT:  Yes, that's fine.
21              I should have also mentioned, is it likely that
22    Mr. Fontanez will be deported?
23              MR. GENTILE:  I believe he is a citizen of the
24    Dominican Republic and he will be deported.
25              THE COURT:  So Mr. Fontanez, you understand that as a
```

MBA1FONP

1    result of your guilty plea, you may well be deported?  You

2    understand that, right?

3            THE DEFENDANT:  Yes.

4            THE COURT:  And you still want to plead guilty, yes?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Very good.  Okay.

7            MR. GENTILE:  Thank you.

8            THE COURT:  Anything from defense counsel?

9            MR. LIPTON:  No, sir.

10            THE COURT:  Very good.

11            All right.  I think that concludes this matter.  Thank

12    you all very much.  I have another matter, so if you would

13    hurry out, we'll take up the other matter.

14                                o0o

15

16

17

18

19

20

21

22

23

24

25