UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>MOISES FONTANEZ,<br><br>Defendant. | 22-cr-192-3 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

Moises Fontanez, proceeding pro se, moves for a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines. See ECF No. 198. The Government opposes Fontanez's motion. See ECF No. 200. For the reasons set forth below, Fontanez's motion is denied.

**I. Background**

On November 10, 2022, Fontanez pled guilty to conspiring to distribute and possessing with intent to distribute heroin ("Count 14"), in violation of 21 U.S.C. § 846, and to brandishing a firearm during a drug trafficking offense ("Count 15"), in violation of 18 U.S.C. § 924. See ECF No. 157. At Fontanez's sentencing hearing on April 27, 2023, the Court calculated the Guidelines range to be 162 to 181 months' imprisonment: 78 to 97 months' imprisonment on Count 14, plus a mandatory consecutive 84 months' imprisonment on Count 15. The Guidelines range was based on an offense level of 27 and Criminal History Category II, consistent with the presentence investigation

report. The Court sentenced Fontanez principally to a term of 132 months' imprisonment. See id.

**II. Discussion**

Fontanez seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) through the retroactive application of Guidelines Amendment 821. See ECF No. 198. When considering a motion to reduce a sentence, a court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (internal quotation marks omitted). A court may then "reduce the term of imprisonment after considering the factors set forth in [18 U.S.C. §] 3553(a)." United States v. Martin, 974 F.3d 124, 136 (2d Cir. 2020) (internal quotation marks omitted). A court may not reduce a term of imprisonment "to a term that is less than the minimum term of imprisonment" of the amended Guidelines range. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021) (citing U.S.S.G. § 1B1.10(b)(2)).

Because Amendment 821 applies retroactively, Probation and the Government agree that Fontanez is entitled to a two-point reduction in criminal history points, which reduces his Criminal History Category from II to I and the Guidelines range from 162 to 181 months' imprisonment to 154 to 171 months' imprisonment. See ECF No. 200. But Fontanez was sentenced to 132 months' imprisonment, which is 22 months below the bottom end of his amended Guidelines range. Fontanez therefore is not entitled by Amendment 821 to any further reduction

in his sentence. See U.S.S.G. § 1B1.10(b)(2); Young, 998 F.3d at 46 n.1.

Moreover, the § 3553(a) factors weigh independently against a reduction in Fontanez's sentence. Fontanez was a prominent member of a street gang in the Bronx called the Shooting Boys and participated in many violent acts, including an attempted murder and a robbery at gunpoint. He also conspired to distribute at least one kilogram of heroin, at least five kilograms of cocaine, at least 280 grams of cocaine base, oxycodone, and marijuana. Fontanez was already given a substantial sentence reduction because of the Court's careful consideration of the § 3553(a) factors, and no further reduction is warranted.

**III. Conclusion**

Fontanez's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is denied. The Clerk of Court is respectfully directed to close ECF No. 198 and mail a copy of this Order to Fontanez at #93850-509, FCI Victorville Medium II, P.O. Box 3850, Adelanto, CA 92301.

SO ORDERED.

New York, NY
October 9, 2026

JED S. RAKOFF, U.S.D.J.